### CITY OF LEESBURG v. FAUNDA.

Circuit Court, Lake County, Criminal Appeal.

January 18, 1954.

C. Rogers Wells, Leesburg, for appellant.

Robert E. Pierce, Leesburg, for appellee.

T. G. FUTCH, Circuit Judge.

This is an appeal from the municipal court of the city of Leesburg, Hon. P. B. Howell, Jr., Judge.

Appellant questions the sufficiency of the evidence to prove him guilty of the charge against him to the exclusion of every reasonable doubt. There is no established method of measuring what is sufficient to overcome reasonable doubt in the mind of another person. In this case the trier of the facts was the municipal judge and he was the sole judge of the sufficiency of the evidence to remove any reasonable doubt from his mind as to appellant's guilt or innocence. He found the appellant guilty as charged.

Unless the evidence from no viewpoint can sustain the viewpoint as taken by the municipal judge the conviction must be affirmed.

I have read the transcript of the testimony as contained in the record. In reviewing and considering the testimony we start with appellant's admission that he had "three shots of Canadian Club." In connection with this, there is the testimony of the arresting officer (policeman Spence) as to appellant's appearance and actions immediately prior to, at the time of, and immediately after the arrest, together with the testimony of the chief of police, Fisher, who arrived on the scene shortly after he had been stopped and arrested by Spence. Fisher's testimony substantiates and corroborates that of Spence. Appellant admits having had "three shots of Canadian Club" prior to this incident—of course he denies he was under the influence of intoxicating beverages to the extent that he was deprived of his normal faculties necessary for the safe operation of the motor vehicle.

The municipal judge, as the trier of the facts, was forced to make his decision as to whom he would believe and having chosen to believe the officers rather than the appellant, he could very easily discharge all reasonable doubt from his mind as to the guilt of the appellant and find him guilty. The testimony of appellant's witness, Bill Murphy, adds little, if anything to the question involved and this court is without authority to invade the province of the municipal judge in his decision as to whom he believed— because he heard all the witnesses testify and had an opportunity to observe them while they were testifying.

It therefore follows that the verdict and judgment of the municipal court must be affirmed and an order will be entered accordingly.